J-S24022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
                                        :
              v.                           :
                                        :
                                        :
KENYETTA WILKERSON                 :
                                        :
           Appellant           :     No. 2506 EDA 2021

Appeal from the PCRA Order Entered October 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008293-2013

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 6, 2022**

Kenyetta Wilkerson appeals, *pro se*, from the order, entered in the Court
of Common Pleas of Philadelphia County, dismissing her petition filed pursuant
to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon
review, we affirm.

This Court previously adopted the trial court's procedural and factual
summary as follows:

> On April 21, 2014, [] Wilkerson [entered into a negotiated guilty
> plea] to one count of murder of the third degree (18 Pa.C.S.[A.]
> § 2502) and one count of possession of an instrument of a crime
> ([*Id.* at] § 907).  That same day, the [trial] court imposed an
> aggregate sentence of 22½ to 45 years' incarceration in state
> prison.  No post-sentence motions were filed, and [Wilkerson] did
> not file an appeal.
>
> Nearly six years later, on February 21, 2020, [Wilkerson] filed a
> motion entitled, "Motion to Compel Production of Discovery of DNA

___

[*] Retired Senior Judge assigned to the Superior Court.

and Biological Sample Evidence[.]" In that motion, [Wilkerson] sought production of various documents related to DNA and biological samples allegedly pertaining to her case. By order dated February 24, 2020, the [PCRA] court denied the motion[.]

*See Commonwealth v. Wilkerson*, 248 A.3d 473 (Pa. Super. 2021) (Table).

Wilkerson filed a timely direct appeal of the order and, on January 11, 2021, this Court affirmed the order of the PCRA court. *See id.* Wilkerson did not file a petition for allowance of appeal with our Supreme Court.

On January 28, 2021, Wilkerson filed the instant, *pro se*, PCRA petition. The PCRA court appointed counsel who subsequently filed a *Turner*/*Finley*[1] no-merit letter. PCRA counsel determined that each of Wilkerson's claims was either untimely or without merit. On July 30, 2021, the PCRA court issued notice of its intent to dismiss Wilkerson's PCRA petition pursuant to Pa.R.Crim.P. 907. Wilkerson filed a *pro se* Rule 907 response, and, on September 17, 2021, the PCRA court dismissed Wilkerson's PCRA petition and granted counsel's request to withdraw.

Wilkerson filed a timely, *pro se*, notice of appeal. On October 14, 2021, the PCRA court ordered Wilkerson to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal by November 4, 2021. On December 7, 2021, the PCRA court filed its Rule 1925(a) opinion, in which it explained that it had not yet received Wilkerson's 1925(b) statement and concluded that Wilkerson's claims were, thus, waived. *See* PCRA Court Opinion, 12/7/21, at 1-3.

---

[1] *Commonwealth v. Turner*, 554 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On December 22, 2021, the PCRA court received a letter from Wilkerson, to which Wilkerson attached her 1925(b) statement and claimed that she had filed it timely pursuant to the prisoner mailbox rule.[2]  Importantly, Wilkerson included the prison "cash slip" showing that she had paid for her concise statement to be mailed on November 4, 2021, the day her Rule 1925(b) statement was due to be filed with the PCRA court.  The PCRA court, however, had already filed its Rule 1925(a) opinion and, thus, declined to rule on the claims.

Nevertheless, the record clearly reflects that Wilkerson timely filed a notice of appeal and complied with the requirements of Rule 1925(b). Accordingly, we may address her claims, which are as follows:

> [1.] Did the PCRA [c]ourt err in refusing [Wilkerson's] appeal citing timeliness when Senate Bill 916, which became 42 Pa.C.S.[A. §] 9543.1, award[ed] the right for [Wilkerson] to have evidence examined that will prove actual innocence regardless of timeliness?
>
> [2.] Did the [PCRA c]ourt err in denying [Wilkerson]'s Motion for DNA and Biological testing?
>
> [3.] Did the PCRA [c]ourt err in failing to award relief based on police misconduct and coerced confession and ensu[]ing guilty plea?
>
> [4.] Were [Wilkerson]'s Due Process rights violated due to her lack of adequate representation?

---

[2] The prisoner mailbox rule provides that a *pro se* prisoner's filing must be considered filed when it is deposited with prison officials or placed in the prison mailbox.  **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997); **Commonwealth v. Robinson**, 12 A.3d 477, n.2 (Pa. Super. 2011).

- 3 -

[5.] Should [Wilkerson]'s guilty plea be invalidated as it was not entered into in a knowing and intelligent manner?

Brief for Appellant, at 4.

When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the act. Our standard of review permits us to consider only where the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

We address Wilkerson's first two claims together as they are related.[3] In her first two claims, Wilkerson contends that the PCRA court erred in finding her DNA motion untimely under the PCRA. Brief for Appellant, at 12-17. Additionally, Wilkerson argues that the trial court erred in denying her motion to compel DNA testing on the merits. *Id.* at 18-21. Wilkerson argues that the trial court should have compelled the Commonwealth to produce all DNA evidence relevant to her case. *Id.* at 12-21. Wilkerson contends that this evidence will demonstrate her actual innocence, as asserted in her February 21, 2020 motion to compel DNA testing.[4] *Id.*

_____

[3] Wilkerson purports to invoke section 9543.1, which is not subject to the PCRA jurisdictional time-bar set forth in section 9545(b). *See In re Payne*, 129 A.3d 546, 553 n.11 (Pa. Super. 2015) (en banc). However, Wilkerson's other claims are subject to the PCRA jurisdictional time-bar, which we address *infra*.

[4] We observe that much of Wilkerson's argument is almost a *verbatim* recitation of her February 21, 2020 motion to compel DNA testing.

Preliminarily, we note that Wilkerson's first claim is belied by the record. Throughout her argument, Wilkerson fails to direct our attention to anything in the record that supports her contention that the PCRA court determined her motion to compel DNA testing was untimely. Rather, it is clear from the record that the PCRA court determined her claim lacked merit. *See* Rule 907 Notice, 7/30/21, at 1 (providing notice PCRA court intended to dismiss Wilkerson's DNA claim as lacking arguable merit); Order 9/17/21 (dismissing DNA claim for lack of arguable merit and dismissing Wilkerson's other claims as untimely). Therefore, we grant no relief on this claim.

Wilkerson's second claim has been previously litigated and, consequently, affords her no relief. Section 9543 of the PCRA requires, in relevant part, that in order "[t]o be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Additionally, section 9543.1, pertaining to post-conviction DNA testing, provides that "[a]ny DNA testing order under this section shall constitute a final order. **An applicant or the Commonwealth may appeal a decision denying or granting a DNA testing order in accordance with the Pennsylvania Rules of Appellate Procedure**." *Id.* at § 9543.1(d)(3) (emphasis added). A claim has been previously litigated under the PCRA if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* at § 9544(a)(2).

Instantly, Wilkerson filed her motion to compel DNA testing on February 21, 2020, in which she sought to compel the Commonwealth to produce "various documents related to DNA and biological samples allegedly pertaining to her case." ***See Wilkerson***, ***supra***. The trial court interpreted Wilkerson's request as one requesting **production of evidence that already existed** and, consequently, denied Wilkerson's motion. ***Id.*** (emphasis added). Wilkerson appealed, and raised, for the first time in her brief, that "she is seeking t[o] **compel DNA testing of evidence** pursuant to Section 9543.1." ***Wilkerson***, ***supra*** (emphasis added). This Court, after reviewing the record, determined that Wilkerson's motion to compel DNA testing **did not** preserve a claim under section 9543.1 and affirmed the trial court's order denying her motion. ***Id.*** ("[I]t was [Wilkerson]'s obligation to [']make a written motion to the sentencing court at any time **for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction**.[']") (emphasis in original); ***see also id.*** (explaining Wilkerson's motion to compel DNA testing failed to request DNA testing or identify what evidence required testing); 42 Pa.C.S.A. § 9543.1(d) (providing for relief in form of DNA testing on specific evidence). Subsequently, Wilkerson filed the instant PCRA petition, alleging that the trial court erred in denying her motion to compel DNA testing. In the instant appeal before this Court, Wilkerson similarly contends that the PCRA court erred in denying her motion.

Upon review, it is clear that Wilkerson's claim was previously litigated and found to be waived. *See Wilkerson*, *supra*. In particular, we previously determined that Wilkerson had failed to properly specify what evidence required testing as required under section 9543.1. *Id.* Additionally, we observe that Wilkerson now raises the same claims that she raised previously in her February 21, 2020 motion to compel DNA testing and in her prior appeal. *See* Brief for Appellant, at 12-21; Motion to Compel DNA Testing, 2/21/20, at 1-2; *Wilkerson*, *supra*; 42 Pa.C.S.A. § 9543(a)(3). In reaching this conclusion, we emphasize that Wilkerson did not file any new or supplemental motions identifying the specific DNA evidence she wants tested, but rather, Wilkerson specifically re-challenges the PCRA court's denial of her motion to compel DNA testing on the same grounds previously raised. Accordingly, Wilkerson is not entitled to relief. 42 Pa.C.S.A. § 9543(a).

Prior to addressing Wilkerson's remaining three claims, we must determine whether Wilkerson's PCRA petition was timely filed. *See Commonwealth v. Gandy*, 38 A.3d 899, 905 (Pa. Super. 2012) ("Section 9543.1 cannot be used to raise extraneous issues not related to DNA testing in an effort to avoid the one-year [PCRA] time[-]bar."). Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's

timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Wilkerson's judgment of sentence became final, for the purposes of the PCRA, on May 21, 2014, when the time expired for her to file a direct appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); Pa.R.A.P. 903(a). Thus, Wilkerson had until May 21, 2015, to file a timely petition under the PCRA. *See* Pa.C.S.A. § 9545(b)(1), (3). Wilkerson's instant petition, her second, filed on January 28, 2021, approximately five years and eight months later, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

In Wilkerson's final three claims, she fails to invoke any exception to the PCRA time-bar. *See* Brief for Appellant, at 22-35. Therefore, the PCRA court properly determined that it lacked jurisdiction to entertain these claims. *See Albrecht*, *supra*. Accordingly, in light of the foregoing, we discern no error with the PCRA court's dismissal of Wilkerson's petition.

Order affirmed.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2022